FRANCISCO RÍOS FERRER, Plaintiff and Appellant, *v.* THE ROMAN CATHOLIC APOSTOLIC CHURCH IN PUERTO RICO ET AL., Defendants and Appellees.

No. 8653. Argued March 19, 1943.—Decided May 19, 1943.

*Luis Mercader* for appellant.  *Heriberto Torres Solá* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for damages in which a procedural question arises, and as a consequence thereof a question of jurisdiction also arises, both of which should be considered in the first instance.

Defendant herein had brought an action against the Municipality of Hatillo and plaintiff herein, to determine conflicting claims to real property, in which it obtained through injunction that plaintiff herein be restrained from proceeding with the construction of a building which he had started to erect on a lot belonging to the above-named municipality. The case was finally decided by this court against defendant herein—*Roman Catholic Church* v. *Municipality,* 59 P. R.R. 190—and plaintiff herein filed the present claim against it and its sureties.  The damages claimed amount to $8,512, detailed as follows: $300 for attorney's fees, $100 for loss of "candy stock," $100 for depreciation of a refrigerator, $200 for loss of building materials and labor, and $7,812 for unearned income in his business during the three years the construction of his building was suspended.

Defendant in its answer insisted that the complaint lacked facts sufficient to constitute a cause of action, and when the cause was called for trial, asked the court to decide that question first.

The court consented; the trial was postponed and a week later the court entered its order dismissing plaintiff's claim as to the refrigerator and the candies, as he had no established business at the time the construction was ordered suspended, and as to the unearned income in his prospective business, as said damages were uncertain, contingent, or speculative.

The court also decided that the claim should be limited to the amount of the bond—one thousand five hundred dollars—under the guaranty of which the injunction was granted, but considered that a claim could be made for attorney's fees, these being in the discretion of the court, and for the building materials lost, and refused to sustain the demurrer, granting plaintiff ten days to amend his complaint, with the warning that if he did not do so, the court would not admit evidence at the trial on said unearned income, and on the alleged loss of supplies and candies.

Plaintiff failed to amend the complaint and to ask the court to set the trial, but on the contrary moved the court to enter judgment. The court did so in the following language:

"Plaintiff has filed a motion asking this court to enter judgment. We cannot interpret said motion in any other way than that said party waives its right to introduce any evidence whatsoever in the case and desires to argue before the Supreme Court the reasons stated by us in deciding the demurrer on the point of plaintiff's right to claim damages for unearned income in a prospective business for the reason that the order of injunction suspended no business existing at the time. It only suspended the construction of a concrete *kiosko*.

"We do not know how a case can be taken to the Supreme Court to argue only a technical question when this court has not yet decided the demurrer filed by the defendant, and while it has only advanced its opinion on the scope of the damages that could be claimed in a case as the one stated in the complaint filed by the party plaintiff.

"Generally judgment is asked to be entered when the court sustains the demurrer, but in this case that has not happened. It is true that in deciding the demurrer we stated our opinion that plaintiff could not claim for the losses or profits he claims, but he could have insisted in his complaint and offered evidence as to such extreme, and could have appealed later on from the judgment, basing his appeal on the point that said evidence had not been admitted. His appeal now, after his failure to offer evidence, to argue an academic question, is something we consider exceptional for even though we said at the end of our above-transcribed order, that plaintiff could ask that judgment be entered in order to appeal, we always

thought he would ask for a hearing in order to offer his evidence, and in case his petition was denied, then ask that judgment be entered.

"The petition for judgment of plaintiff is equivalent to telling the court that he does not wish to introduce any evidence whatsoever, and that judgment be entered on the pleadings based on our order on the demurrer.

"For the reasons stated, this court enters judgment on plaintiff's petition, dismissing the complaint, with costs."

It was against said judgment that the present appeal was filed, assigning as errors in the opinion of appellant the ones committed by the lower court in holding that plaintiff was not entitled to claim the unearned income at the time the business, which he had been operating from 1923, was suspended, to be resumed when the construction of the *kiosko* was completed; in deciding that his right was limited to the amount of the bond.

██ In its brief the appellee maintains that the motion asking that judgment be entered was improper. And arguing its point, it expresses itself as follows:

"A plaintiff against whose complaint a demurrer is filed, is allowed, once the demurrer for lack of cause of action is decided, to ask judgment to be entered so that he may file an appeal from said judgment, and therefore, incidentally, through the vehicle of the judgment obtain a review of the sufficiency of his complaint in the light of the merits of the demurrer. But when a complaint adduces more or less a cause of action, as in the instant case, as to the other items of claim apart from loss due to the suspension of the business, a demurrer can never be sustained. It clearly appears then that a judment can never be entered based on a demurrer that was not sustained; and that said order should never be appealable through the juridical vehicle of a judgment.

" *       *       *       *       *       *       *

"The appeal in this case merely raises an abstract and purely technical question, that if allowed would open the door to innumerable appeals in the thousands of cases that can be brought before our courts each time a lower court anticipates a criterion or traces conduct to be followed in a specific case. In that case it would suffice

to ask that judgment be entered as to said incident to provoke another appeal, thus depriving the lower court of deciding the case on its merits, with the speed that the administration of justice requires.''

. We believe that the action was not ready for judgment. Actions should not and cannot be brought to this court piecemeal. The procedure must be 'exhausted, by deciding in each case all the issues involved. The defense of lack of cause of action was dismissed, and though the court advanced its opinion as to the cited items, it was ready to hear the case, whether or not the complaint was amended. At the trial plaintiff could have insisted and introduced his evidence, taking exception as to that part of it which would not have been admitted, and offering the other evidence he might have as to the items the court considered claimable. Then he might have appealed from the judgment entered, because it would have been favorable to him only in part. In that way, all the issues would be presented to this court in a clearer way and would allow us to decide the case with greater certainty.

The lower court should have refused to enter judgment on the pleadings, and as the procedure followed does not adjust itself to the best practice, the judgment must be reversed and the case remanded for further proceedings in accordance with the law and the principles stated in this opinion.

Mr. Justice Todd, Jr., did not participate herein.